UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Lee Rose,<br><br>    Plaintiff,<br><br>vs.<br><br>Henry McMaster, SC Attorney General;<br>Samuel B. Glover, Director SC Department of<br>Probation, Parole and Pardon Services;<br>James W. Peace, Solicitor, Laurens County,<br><br>    Defendants. | C/A No.  9:06-2080-GRA-GCK<br><br>**Report and Recommendation** |

The plaintiff, David Lee Rose, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Kirkland Reception and Evaluation Center, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint claims that retroactive application of the Sex Offender Registry[2] to plaintiff's 1978 kidnapping conviction is an ex post facto violation. Plaintiff seeks mandamus relief. The complaint should be dismissed for lack of subject matter jurisdiction.

## *Pro Se* and *In Forma Pauperis* Review



Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] In July 1994, South Carolina established the Sex Offender Registry Act No. 497, which was codified at S.C. Code Ann. §23-3-400 to §23-3-490.

(1996). This review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." <u>Denton v. Hernandez</u>, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Allison v. Kyle</u>, 66 F.3d 71 (5th Cir. 1995).



This Court is required to liberally construe *pro se* documents, <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir.

1985), cert. denied, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387,  (4th Cir. 1990).

## Background

Plaintiff's complaint states that, on May 22, 1978, he entered a guilty plea to the charge of kidnapping in the Laurens County Court of General Sessions. Upon conviction, plaintiff received a life sentence and was paroled on April 30, 1987.  Plantiff's parole was revoked on June 14, 2000.  Plaintiff has been denied parole at subsequent parole hearings and has an appeal pending with the South Carolina Administrative Law Court.  The Administrative Law Court appeal deals with the issue of retroactive application of current S.C. Department of Probation, Parole and Pardon Services criteria (including the increase in the number of votes required to make parole) to the plaintiff.  Plaintiff's § 1983 complaint, filed with this Court, challenges retroactive application of the Sex Offender Registry to his 1978 kidnapping conviction.  Plaintiff claims that his kidnapping charge did not include any type of criminal sexual offense[3], and, therefore, retroactive application of the Sex Offender Registry to his case is an ex post facto violation. Plaintiff asks the Court to compel the Laurens County Court of General Sessions to hold a hearing to determine whether plaintiff's 1978 kidnapping conviction involved a sexual offense, or compel the S.C. Department of Probation, Pardon, and Parole Services and the South Carolina Department of Corrections to expunge all references of sex offender status from the plaintiff's record.

---

[3] On June 12, 1998, South Carolina amended the Sex Offender Registry by expanding the list of convictions which would trigger the requirement of lifetime registration as a sex offender.  Sub-section (C)(15) was added to §23-3-430 S.C. Code Ann. to include kidnapping as one of the triggering convictions.

Discussion

The plaintiff is seeking a writ of mandamus from the United States District Court for the District of South Carolina. Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See* Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, *see* In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal, *see* In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989). The plaintiff fails to satisfy the burden established to qualify for mandamus relief.

In addition, it is significant that plaintiff requests mandamus relief against a State Court and two State agencies. District Courts are granted under 28 U.S.C. § 1361, "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See* United States v. Oncology Assocs., 198 F.3d 502, 510 (4th Cir. 1999)("Thus, the language of § 1361 . . . provides the basis, when federal actors are involved, for federal jurisdiction over an action based on the writ.") Federal courts, therefore, cannot use § 1361 to issue a writ against a State Court or State agencies, as Plantiff requests.



Should plaintiff look to 28 U.S.C. § 1651, the "all writs statute", as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651;

and <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). In <u>Gurley</u>, <i>supra</i>, a district court denied a writ of mandamus, brought by a state prisoner to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript.   On appeal, the United States Court of Appeals for the Fourth Circuit concluded that both the Fourth Circuit Court of Appeals and the United States District Court were without jurisdiction to issue a writ of mandamus because they exercised no supervisory authority over the State courts of North Carolina. <i>See also</i> <u>Davis v. Lansing</u>, 851 F.2d 72, 74 (2nd Cir. 1988) (court ruled that federal courts have no general power to compel action by state officials). Since the plaintiff requests mandamus relief against a State Court and two State agencies, the United States District Court for the District of South Carolina lacks jurisdiction under 28 U.S.C. § 1651 to issue a writ of mandamus.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. See <u>Todd v. Baskerville</u> 712 F.2d at 74, <u>Denton v. Hernandez</u>, 504 U.S. at 31, <u>Neitzke v. Williams</u>, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

October 19, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**